# WELCH & COMPANY
## *v.*
# CENTRAL SAN CRISTOBAL
and
# UNITED STATES MORTGAGE & TRUST COMPANY
## *v.*
# CENTRAL SAN CRISTOBAL.

---

San Juan, Equity, Nos. 940, 947.

AS TO RENTING RECEIVERSHIP PROPERTY.

Consolidation—Property a Unit.

1. Where the property in two different suits is a unit, and one part cannot be well handled without the other, it is proper to consolidate the causes.

Receivership Property—Lease.

2. Where propositions are made by parties in interest for the lease of the receivership property, it will be determined, through the master or otherwise, which proposition is for the benefit of the trust as a whole, taking all interests into account. It is the whole property, not the individual interests, which must be considered.

Case in Court—Letters to Judge.

3. Where a matter is in litigation and the parties are represented by counsel, it is not proper for clients to write to the judge on matters connected with the suit.

Opinion filed January 9, 1915.

*Mr. Chas. Hartzell* for receiver.

*Mr. H. G. Molina* for Welch & Company.

*Mr. J. Henri Brown* for United States Mortgage & Trust Company.

*Mr. Louis Banigan* for Fajardo Sugar Company, Committee of Bondholders, and Associate Counsel for United States Mortgage & Trust Company.

HAMILTON, Judge, delivered the following opinion:

This double proposition as to renting the receivership property has shown as well as any case ever before me the advantage of litigation. There are some disadvantages connected with litigation, but there is also a decided advantage in having a case presented by parties who are opposed in interest. There is no personal feeling except of course such as grows out of the interests of different clients. That is perfectly natural and perfectly excusable, but, however, of course, cannot affect the court. The result is that the matter is pretty thoroughly presented, and that is what a court is for. In this whole matter I have had in mind one or two things.

1. In the first place, matters have gradually worked themselves out so that it looked to me as if the whole litigation was a unit. It concerned the mill and certain other property, none of which could do without the other. They are married to each other and it would be practically impossible to divorce

Welch & Co. v. Central San Cristobal.

them. That was the reason for the consolidation of these two cases. I think it was the right policy.

2. Another thing growing out of the same conditions is that the property ought to be handled for the future, not simply in litigation, but for the whole future, as a unit. And while recognizing that, I cannot help but see that there is a basis for the difference of views. The fact that one course is favored by the bondholders and the other by the general creditors in itself does not affect the court. The question is, Which proposition is for the benefit of the trust as a whole, without injuring unduly any one of the interests involved? And I think you will deem it entirely pardonable in me, after devoting pretty much the whole day to hearing this, if I cannot make up my mind without study. I would have to take the propositions and also look up some points of law connected with them, so that I should, if I decided it myself, have to take some time to do it,—and it goes without saying that I could not decide it this evening, and Monday I will be somewhere else. So that it looks to me if the best plan is the one I suggested this morning, to refer this to the master to consider and report on the two propositions, and I will go one step further and say, to consider any other proposition, if any should develop, conduct the hearings as quickly as possible, and report the matter to me just as soon as may be if I am over at Ponce, of course with the right of exception. But I would ask that you take only a couple of days for your exceptions. I do not want to control you, but everybody wants this matter disposed of.

I want to refer this to him, too, that in case he should report in favor of the leasing proposition,—I do not wish to be understood as indicating any preference whatever, but in case he

VII. Porto Rico—27.

Welch & Co. v. Central San Cristobal.

should, that he also report what reduction in receivership expenses would be feasible. The receiver would not be personally managing the property, and, as in other cases, there might possibly be some reduction of the expenses. This is not intimating in the least any preference between the two propositions.

3. I think that is all I need to say except possibly one thing in conclusion, that is perhaps rather a personal matter. Certain cable messages were sent to the judge in regard to these matters by parties in interest, although represented by counsel. I do not question that it was done in good faith, but I trust all of you will caution your clients against that. The court knows only the attorneys in the case. They are able attorneys and represent the parties far better than they could themselves. In this particular case I did not accept the messages. I referred them to the attorney that I thought was representing the senders.

I ask Mr. Dabney to begin the hearing on Monday, and the receiver is directed to be present before the master and give him all the information he can.